# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                                                Telephone: (212) 317-1200
New York, New York 10165                                                                    Facsimile: (212) 317-1620

jandrophy@faillacelaw.com

February 28, 2020

**VIA ECF**
Hon Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

          Re:    Lopez Garcia, et al. v. PGGS Gourmet Inc., et al.
                    18-cv-10022 (KHP)

Your Honor:

      This office represents plaintiffs in the above referenced matter. Plaintiffs write to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

      The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions before a mediator and subsequently before Your Honor. A copy of the proposed Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

      Plaintiffs filed this Complaint against Defendants alleging claims for unpaid minimum wage, overtime wages, tools of trade, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York

Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Specifically, Plaintiff Lopez alleges that from October 2016 to October 2018 he worked 60 hours per week, and was paid rate of $11 or $12 per hour for all hours worked. Plaintiff Bautista alleges that from March 2014 to February 2019 he worked 54 to 66 hours per week during his employment, and was paid fixed weekly salaries, ranging over time from $280 to $670 per week. Plaintiff Hernandez alleges that from September 2013 to May 2019 he worked 51 hours per week, and was paid at fixed weekly rates that ranged over time from $510 per week to $600 per week.

Defendants categorically deny the allegations in the Complaint. Defendants provided documents for purposes of settlement that called into questions Plaintiffs' allegations that they worked the number of hours they claim, and that they were paid on a fixed weekly salary basis rather than an hourly wage.

### 2. Settlement Terms

Plaintiffs allege they were entitled to back wages of approximately $181,579. Plaintiffs estimate that if they had recovered in full for all their claims, they would be entitled to approximately $450,000 which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiffs damages chart, breaking down each amount sought from Defendants and the allocation to each Plaintiff, is attached as "Exhibit B." The parties have agreed to settle this action for the total sum of $95,000.00. The settlement will be paid in a single installment.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008

U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Defendants were adamant that Plaintiff worked less hours than they claimed, and indicated they were willing to provide documents and witnesses to this effect. Defendants contested Plaintiffs assertions and maintained they paid wages on an hourly basis rather than a fixed weekly salary basis. Defendants also claimed that they did not have resources to satisfy a judgment of the magnitude that Plaintiffs sought. Thus, following a lengthy mediation session and a settlement conference before Your Honor, the parties reached the agreement to settle the action.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3. **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreement with Plaintiffs, Plaintiffs' counsel will receive $32,000 from the settlement fund as attorneys' fees and costs. This represents $678 in costs and one third of the recovery in this litigation as well as a reduction in

fees from what is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the firm plus costs.

Plaintiff's counsel's lodestar in this case is costs of $678 and fees of $12,555.00. A copy of Plaintiffs' billing record is attached as "Exhibit C." Mr. Michael Faillace's standard billing rate is $450 an hour (MF), Joshua Androphy's billing rate is $400 per hour (JA), Clifford Tucker's standard billing rate is $300 per hour (CK). PL stands for work performed by a paralegal, at a standard billing rate of $100 an hour.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable (approximately 2.6 times the lodestar) and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District.");; *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable.

Given Plaintiffs' counsels' significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations.

A brief biography of the attorneys who performed billed work in this matter is as follows:

Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, Faillace was in-house Employment Counsel with International Business Machines Corporation (IBM). Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  Faillace is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

I am senior attorney at Michael Faillace & Associates, P.C.  This is the rate that clients who retain the firm's services for an hourly rate regularly pay for my services.  I graduated from Columbia University School of Law in 2005, where I was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, I developed a broad background in litigation at Olshan Frome Wolosky LLP, where I practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years.  When I left Olshan Frome Wolosky LLP in 2012, my regular billing rate was $450 per hour.  Since joining Michael Faillace & Associates, P.C. in 2012, I have been responsible for litigating all aspects of individual, collective, and class action employment claims in state and

federal court, and have tried twenty-one wage and hour actions in federal court.  I was named a Super Lawyers Rising Star in 2014, 2015, 2016, 2017, and 2018.

      Clifford Tucker is an associate at Michael Faillace & Associates P.C. and is requesting an hourly rate of $300.00.  Attorney Clifford Tucker graduated cum laude and with honors from Brooklyn Law School in 2013, where he was a member of the Moot Court Honor Society, Trial Division, and received the following awards: Richardson Scholarship, Academic Achievement Scholarship, Centennial Grant, Ellen Taubenblatt Harmon and Mark A. Harmon Award for Integrity and Ethics.  Following law school, Attorney Clifford Tucker developed a background in representing plaintiffs in personal injury and civil rights actions as an associate at: The Law Office of Richard Kenny, Bryan D. Fisher, LLC ("Fisher Injury Lawyers"), and Burns & Harris.  He has managed a case load of over 100 personal injury actions from intake to verdict.  He was selected to the Super Lawyers 2016 New York Metro Rising Stars list.  He has taught Continuing Legal Education classes on case preparation, investigation, and discovery and assisted in teaching courses on obtaining settlement offers in personal injury actions, representing plaintiffs in motor vehicle cases, and selecting a jury in personal injury cases.  He has also lectured to Veterans at the James J Peters VA Medical Center and at the Task Force of Social Workers of African Descent. .

      Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

      Respectfully submitted,

      /s/Joshua S. Androphy
      Joshua S. Androphy, Esq.
      MICHAEL FAILLACE & ASSOCIATES, P.C.
      Attorneys for the Plaintiff

Enclosures