**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

RAFAEL LOPEZ GARCIA, RAMON
BAUTISTA RUIZ and EFREN HERNANDEZ
PEREZ, *individually and on behalf of others similarly situated*,

    *Plaintiffs*,

-against-

PGGS GOURMET INC. (D/B/A COLUMBUS
GOURMET FOOD), PGGS CAFE INC.
(D/B/A COLUMBUS GOURMET FOOD),
PHUMAN SINGH, MANJIT SINGH (A.K.A.
JIMMY), and SAMMI DOE,

    *Defendants*.

**Case No.** 18-cv-10022-AT

**SETTLEMENT AGREEMENT
AND
RELEASE**

---

    This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs Rafael Lopez Garcia, Ramon Bautista Ruiz, and Efren Hernandez ("Plaintiffs") on the one hand, PGGS Gourmet Inc. (d/b/a Columbus Gourmet Food), PGGS Cafe Inc. (d/b/a Columbus Gourmet Food), ("Defendant Corporations"), and Phuman Singh, Manjit Singh (a.k.a. Jimmy), and Sammi Doe, ("Individual Defendants"), (collectively, "Defendants"), on the other hand.

    WHEREAS, Plaintiffs Rafael Lopez Garcia, Ramon Bautista Ruiz, and Efren Hernandez allege that they worked for Defendants as employees; and

    WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York District of New York, Civil Action No: 18-cv-10022-AT (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

    WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

    WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

    NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

    1. Payment: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of

1231196.1

any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Ninety Five Thousand Dollars and Zero Cents (**$95,000.00**) (the "Settlement Amount") to be paid to Plaintiffs as follows:

(a)     Payment shall be made in one single payment made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs. Payment distribution shall be as follows:

$6,000 to Plaintiff Rafael Lopez Garcia.

$34,000 to Plaintiff Ramon Bautista Ruiz.

$23,000 to Plaintiff Efren Hernandez

$32,000 to Michael A. Faillace, Esq., as Attorney for Plaintiffs.

Plaintiffs are to provide Form W-9s to Defendants' attorney to facilitate tax reporting. Checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165 immediately upon full execution of the agreement and Plaintiffs' providing Form W-9s. Failure to deliver said checks shall constitute a default under the Agreement. The checks will be held and deposited upon settlement approval.

2.     <u>Release and Covenant Not To Sue</u>:     Plaintiffs hereby irrevocably and unconditionally release from and forever discharge and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3.     <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.     <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

5.     <u>Acknowledgments:</u>     Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further

acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.     Notices:     Notices required under this Agreement shall be in writing and shall be deemed given on the third business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:
Stephen D. Hans
Stephen D. Hans & Associates, P.C.
30-30 Northern Boulevard, Suite 401
Long Island City, NY 11101
Tel: (718) 275-6700
Fax: (718) 997-0829

7.     Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.     Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.     Release Notification: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C. Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and

that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10. Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFFS:

By: _____   Date: 12-23/19
Rafael Lopez Garcia

By: _____   Date: 12/23/19
Ramon Bautista Ruiz

By: _____   Date: 12-23-19
Efren Hernandez

DEFENDANTS:

By: _____   Date: 1/16/20
PGGS Gourmet Inc. (d/b/a Columbus Gourmet Food)

By: _____   Date: 1/16/20
PGGS Cafe Inc. (d/b/a Columbus Gourmet Food)

By: _____   Date: 1/16/20
Phuman Singh

By: _____   Date: 1/16/20
Manjit Singh (a.k.a. Jimmy)

By: _____   Date: 1-16/20
Sammi Doe